UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:14-CR-394-1 |
| | § | |
| JAMES TALTON | § | |

### ORDER DENYING MOTION TO REDUCE SENTENCE § 3582(c)(2)

James Talton filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the sentencing guidelines along with a motion to appoint counsel. D.E. 40, 41. Although Amendment 782 permits a sentence reduction, the Court denies the motions for the reasons stated below.

Talton was originally sentenced to 51 months in the Bureau of Prisons in 2014 based upon his guilty plea to conspiracy to possess with intent to distribute 23.56 kilograms of marijuana. D.E. 36. His base offense level was calculated based upon the same quantity of marijuana which resulted in a level 18.[1] His guideline range, after credit for acceptance of responsibility and consideration of the criminal history category VI, was 41 to 51 months imprisonment. D.E. 29, ¶ 75.

Amendment 782 revised the Drug Quantity Tables and made the change retroactive effective November 1, 2014. The new Drug Quantity Tables assign level 16 to the quantity of marijuana at issue. "A defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may apply for a reduction in his sentence if the amendment applies retroactively. 18 U.S.C. §3582(c)(2); *see also Freeman v. United States*, 131 S.Ct. 2685, 2690-91 (2011) (reciting standard for sentence

---

[1] D.E. 29, ¶ 14.

modifications); *Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Using all of the adjustments to Talton' offense level applied originally, his final offense level is 13,[2] and his criminal history category is VI. The resulting new guideline range is 33 to 41 months imprisonment.

When an amendment is retroactive, the decision whether to reduce a sentence is left to the sound discretion of the trial court. *United States. v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997); *accord United States v. Brooks*, 396 Fed. App'x. 103, 105 (5th Cir. Sept. 24, 2010) (per curiam) (designated unpublished). A district court is required to consider the 18 U.S.C. § 3553(a) factors as well as the policy as stated in U.S.S.G. § 1B1.10(b). 18 U.S.C. § 3582(c)(2).

Although a § 3582(c)(2) proceeding does not constitute a "full resentencing, the Court may consider a defendant's post-sentencing conduct. U.S.S.G. § 1B1.10(a)(3); application notes 1(B)(3). The Court has no evidence on that issue.

The Court is also required to consider the "nature and seriousness of the danger to any person and the community that may be posed by a reduction in the defendant's term of imprisonment . . . ." U.S.S.G. § 1B1.10; application notes 1(B)(2). Talton was part of an extensive drug trafficking and money laundering operation. He came before the Court with eleven aliases. D.E. 27, p. 1. Talton has an extensive criminal history which involved convictions

---

[2] Determination of Reduction in Term of Imprisonment.—

> (1) In General.—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

*Id*.

for nine convictions for driving while his license was revoked or invalid, obstructing government operations, three convictions for stealing, passing a bad check, forgery, possession of a controlled substance, resisting arrest, and two violent assaults. D.E. 29, ¶¶ 25-44. He was on probation at the time of his arrest in this case. *Id*., ¶ 46. His criminal history points totaled 16, resulting in a criminal history category of VI.

Although the Court may appoint counsel "in the interest of justice, there is no constitutional or statutory right to counsel in a § 3582 proceeding. *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008); *see also United States v. Hereford*, 385 Fed. App'x. 366, 368 (5th Cir. July 12, 2010) (per curiam) (designated unpublished). In *United States v. Watkins*, 510 Fed. App'x. 325 (5th Cir. Jan. 31, 2013) (per curiam) (designated unpublished) and *United States v. Willard*, 481 Fed. App'x. 915 (5th Cir. June 26, 2012) (per curiam) (designated unpublished), the district court did not abuse its discretion by failing to appoint counsel in § 3582 proceedings where the defendant, like Talton, was able to make an appropriate motion and the issues were not complex

After considering all the § 3553(a) factors, the Court denies Talton's motion to reduce his sentence (D.E.40, 41) based on the further need to protect the community and DENIES his motion to appoint counsel. D.E. 40, 41.

SIGNED and ORDERED this 21st day of August, 2015.

_____
Janis Graham Jack
Senior United States District Judge